|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |
| Covenant Care California, LLC d/b/a Silver Ridge Healthcare Center, | | Case No.: 2:17-cv-00956-JAD-VCF |
| Plaintiff | | **Order Granting Motion for Default Judgment** |
| v. | | **[ECF No. 14]** |
| Chester Marshall Shirk, | | |
| Defendant | | |

Plaintiff Silver Ridge Healthcare Center contracted with defendant Chester Marshall Shirk to admit him to its facility as a resident.[1] Shirk agreed to pay Silver Ridge for his tenancy and understood that payments would be due upon discharge.[2] Shirk has an overdue balance of $101,153.53, and Silver Ridge sues to collect that amount.[3] Shirk has failed to appear in these proceedings since Silver Ridge filed its complaint over a year ago on April 5, 2017.[4] Silver Ridge now moves for default judgment.[5] I find that Silver Ridge has met its burden to show that default judgment is warranted, and I grant its motion.

---

[1] ECF No. 14 at 15–16.
[2] *Id.*
[3] *Id.* at 18–34.
[4] ECF No. 1.
[5] ECF No. 14.

**Background**

When Shirk discharged from Silver Ridge on November 22, 2016, he owed $101,153.53 for services rendered during his 223-night stay at the facility.[6] Silver Ridge sent Shirk a notice of past-due balance a month later[7] and warned him that he could be subject to a collection action if payment was not received before the end of December.[8] Shirk ignored the notice, so Silver Ridge sent a similar one on January 12, 2017.[9] Shirk ignored that, too, so Silver Ridge filed this lawsuit and served Shirk with process in April 2017.[10] Shirk's habit of avoiding Silver Ridge persists, and the Clerk entered default against him on October 27, 2017.[11]

**Discussion**

**A.     Default-judgment standard**

Federal Rule of Civil Procedure 55(b)(2) permits a plaintiff to obtain a default judgment after the clerk enters default based on a defendant's failure to defend. After default, the complaint's factual allegations are taken as true, except those relating to damages.[12] "[N]ecessary facts not contained in the pleadings, and claims [that] are legally insufficient, are not established by default."[13] The court has the power to require a plaintiff to provide additional

---

[6] *Id.* at 18–34.

[7] *Id.* at 36.

[8] *Id.*

[9] *Id.* at 38.

[10] ECF Nos. 1, 5.

[11] ECF No. 11.

[12] *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam); FED. R. CIV. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[13] *Cripps v. Life Ins. Co.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

2

proof of facts or damages to ensure that the requested relief is appropriate.[14] A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.[15] Whether to grant a motion for default judgment lies within the trial court's discretion,[16] which is guided by the seven factors outlined by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[17]

**B.     Evaluating the *Eitel* factors**

*1.     Possibility of prejudice to Silver Ridge*

The first *Eitel* factor weighs in favor of default judgment because Silver Ridge would otherwise likely be without other recourse or recovery. Shirk's failure to appear or respond prejudices Silver Ridge's ability to pursue its claim on the merits.

*2.     Substantive merits and sufficiency of Silver Ridge's claims*

The second and third *Eitel* factors require Silver Ridge to demonstrate that it has stated a claim on which it may recover.[18] Silver Ridge's complaint contains claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. Because Silver Ridge satisfies all elements for its breach-of-contract claim, it can recover its full

---

[14] *See* FED. R. CIV. P. 55(b)(2).
[15] *See* FED. R. CIV. P. 55(c).
[16] *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).
[17] *Eitel,* 782 F.2d at 1471–72.
[18] *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978).

3

damages from that claim, so I need not address the merits of its bad-faith and unjust-enrichment claims.

The elements of a breach-of-contract claim in Nevada are: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach.[19] Silver Ridge has alleged and shown that Shirk had a valid agreement for its residency at their facility,[20] that Shirk breached that agreement by failing to pay Silver Ridge for services provided during his tenancy as he promised in the agreement, and that Shirk has an overdue balance of $101,153.53. Silver Ridge supports these allegations with an account-write-off request,[21] an accounts-receivable spreadsheet,[22] the collections-activities log,[23] Shirk's transaction history,[24] two signed affidavits,[25] and the past-due-balance notices. Shirk's absence has made it impossible for him to refute this evidence, so I find that Silver Ridge has established a meritorious breach-of-contract claim. The second and third *Eitel* factors therefore weigh in favor of default judgment.

### 3. *Sum of money at stake in the action*

The sum-of-money factor requires me to consider "the amount of money at stake in relation to the seriousness of [Shirk's] conduct."[26] "If the sum of money at stake is completely

---

[19] *Cohen-Breen v. Gray Tel. Grp., Inc.*, 661 F. Supp. 2d 1158, 1171 (D. Nev. 2009).
[20] ECF No. 14 at 15–16.
[21] *Id.* at 18.
[22] *Id.* at 19–20.
[23] *Id.* at 21–23.
[24] *Id.* at 24–34.
[25] ECF Nos. 14-1, 14-2.
[26] *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *PepsiCo. Inc. v. California Security Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)).

4

disproportionate or inappropriate, default judgment is disfavored."[27]  Silver Ridge is asking for judgment in the amount of $101,153.53 for Shirk's overdue account.  This amount represents the actual cost of services that Shirk contracted to pay for, but didn't.  I find that this factor weighs in favor of default judgment.

### 4. *Possibility of a dispute concerning material facts*

Next, I consider the possibility that material facts are disputed.  Silver Ridge adequately alleged and supported a breach-of-contract claim, and Shirk has failed to appear or otherwise respond.  Because the facts in the complaint are now admitted as true, no factual disputes exist that would preclude the entry of default judgment against Shirk.  This fifth factor thus weighs in favor of default judgment.

### 5. *Whether the default was due to excusable neglect*

Under this sixth factor, I consider whether Shirk's default may have resulted from excusable neglect.  Silver Ridge sent two notices, one in December 2016 and another a month later, before filing its complaint.[28]  Shirk ignored them both.  Silver Ridge then filed its complaint in April 2017.[29]  Six months went by—still with no action from Shirk—so the Clerk entered default against him.[30]  Shirk has demonstrated a habit of ignoring Silver Ridge and the contractual amounts he owes it, so I can only conclude that his default was not the product of excusable neglect.  This factor weighs in favor of entering default judgment.

---

[27] *Twentieth Century Fox*, 438 F. Supp. 2d at 1071.
[28] ECF No. 14 at 36, 38.
[29] ECF No. 1.
[30] ECF No. 11.

5

### 6. *Strong policy favoring decisions on the merits*

"Generally, default judgments are disfavored because cases should be decided upon their merits whenever reasonably possible."[31] Because Shirk has failed to respond to anything at all in this action, it is not possible to decide this case on its merits, so this factor weighs in favor of granting default judgment as well. As every *Eitel* factor weighs in favor of entering default judgment, I grant Silver Ridge's motion.

### Conclusion

Accordingly, and with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that Silver Ridge's motion for default judgment **[ECF No. 14] is GRANTED**. The **Clerk of Court** is directed to **ENTER JUDGMENT** in favor of Covenant Care California, LLC d/b/a Silver Ridge Healthcare Center and against Chester Marshall Shirk in the total amount of $101,153.53 and **CLOSE THIS CASE**.

Dated: June 21, 2018

_____
United States District Judge Jennifer A. Dorsey

---

[31] *Eitel*, 728 F.2d at 1472.